<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| LG ELECTRONICS U.S.A., INC. AND LG ELECTRONICS, INC., <br><br>  Plaintiffs, <br><br> v. <br><br> WHIRLPOOL CORP. AND ANCHOR APPLIANCE, INC., <br><br>  Defendants. | Civil Action No. 09-5142 (GEB-ES) <br><br> **MEMORANDUM OPINION AND ORDER** |

<u>**BROWN, Chief Judge**</u>

This matter having come before the Court upon Defendants' motion for a stay pending an *inter partes* reexamination (Doc. No. 67); Plaintiffs having opposed that request (Doc. No. 73) and Defendants having replied (Doc. No. 78); and the Court having considered the parties' briefings and supporting documentation and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78.   The Court finds that:

1.   The power to stay is inherent in the Court's ability to control its docket and promote judicial economy.  As such, the Court's determination of whether to stay a case pending reexamination is in the Court's sound discretion.  *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed Cir. 1998); *Motson v. Franklin Covery Co.*, 2005 WL 3465664 (D.N.J. Dec. 16, 2005).

2.   In exercising this discretion, the Court should consider three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2)

whether a stay will simplify the issues and the trial of the case; and (3) whether discovery is complete and a trial date has been set." *Xerox Copr. v. 3Com Corp.*, 69 F.Supp.2d 404, 406 (W.D.N.Y. 1999).

3. The Court exercises its discretion to deny the stay after examining all three factors.

4. First, the undue prejudice to Plaintiffs would be substantial. An *inter partes* reexamination could take more than five years if the parties fully exhaust their appeal rights. The parties are direct competitors and this delay would cause Plaintiffs to lose substantial profits as well as goodwill in the market. The goodwill lost during the reexamination proceedings could be difficult to measure and thus difficult to compensate fully with money damages after trial. *See Nidec Corp. v. LG Innotek CO.*, 2009 WL 3673433, at *4 (E.D. Tex Apr. 3, 2009); *Tesco Corp. v. Weatherford Int'l, Inc.*, 599 F.Supp.2d 848, 851 (S.D. Tex. 2009) ("Where the parties are direct competitors, a stay would likely prejudice the non-movant.").

5. Second, while a stay might simplify the issues for trial, the Court finds that this factor does not weigh heavily. The Court may decide all of the issues of validity that are presented to the Patent and Trademark Office. Further, if the Court did stay the action, it most likely would have to decide some of these issues years down the road, when the case is old, and the information no longer fresh.

6. Third, while substantial discovery remains, the parties already conducted considerable discovery, the case was scheduled for claim construction briefing, and the Court plans to try the case on November 7. Further, the Court considers Defendants' delay in filing for a reexamination and a stay. Despite this litigation having been filed in October 2009, Defendants did not request an *inter partes* reexamination on the '655 patent until June 25,

2010, and delayed until November 3, 2010, and January 14, 2011, to file requests for reexamination of the '475, '382 and '820 patents.

Therefore, for the foregoing reasons:

IT IS THIS 4th day of February, 2011, hereby

ORDERED that Defendants' motion to stay this action (Doc. No. 67) is DENIED.

/s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.