<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                                      )
LG ELECTRONICS U.S.A., INC. AND        )
LG ELECTRONICS, INC.,                          )
                                                      )
                         Plaintiffs,                )
                                                      )
v.                                                    )        Civil Action No. 09-5142 (GEB)
                                                      )
WHIRLPOOL CORPORATION,               )
                                                      )        **MEMORANDUM OPINION**
                                                      )
                         Defendant.               )
_____ )

<u>**BROWN, Chief Judge**</u>

This matter comes before the Court upon a motion for reconsideration filed by LG Electronics U.S.A., Inc. and LG Electronics, Inc. (collectively "LG" or "Plaintiffs") (Doc. No. 309.)  LG asks the Court to reconsider its October 4, 2011 decision to grant Whirlpool Corporation's ("Whirlpool" or "Defendant") renewed motion to stay the action.  (Doc. No. 309-1.)  Whirlpool opposes LG's motion for reconsideration.  (Doc. No. 320.)  The Court has considered all submissions without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons that follow, the Court will deny LG's motion for reconsideration.

**I.        BACKGROUND**

On January 14, 2011, Whirlpool moved for a stay of the case pending *inter partes* re-examination.  In deciding to deny that motion, the Court based its decision in part on the finding that reexamination could take more than five years.  (Order 02/04/11; Doc. No. 82.)  While re-examination could simplify issues of validity, a lengthy reexamination would cause undue prejudice to LG.  Additionally, substantial discovery and claim construction remained.

In its September 8, 2011 renewed motion to stay the action, Whirlpool argued that there had been a material change in the status of the *inter partes* re-examination of the patents-in-suit. The Court agreed with Whirlpool's position and granted its motion to stay the case.  In an order dated October 4, 2011, the Court stayed the case for 6 months, opining:

> Although the litigation is in a late stage, the procedural posture of the *inter partes* reexamination of all four patents-in-suit has materially changed since the Court last considered staying the case. The PTO has rejected all of the asserted claims and new claims offered by LG for three of the four patents-in-suit. The reexamination procedures have served their purpose in that they have simplified issues of validity. Accordingly, the interests of justice are best served by allowing the *inter partes* reexaminations to continue and staying the district court proceedings in order to promote judicial economy.

(Order 10/04/2011; Doc. No. 306.)

In its present motion, LG takes issues with two statements in the Court's order.  First, LG argues that the reexamination procedures have *not* served their purpose in simplifying issues of validity because no final determination has been rendered.  Second, LG insists that the Court overlooked the substantial amount of time that might remain before a final determination on the patentability of the patents-in-suit is rendered.  Whirlpool opposes LG's motion for reconsideration.

## II.    DISCUSSION

The standard for reconsideration is high and to be granted sparingly.  *See NL Indus. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996).  In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.  It states, in pertinent part, that "[a] motion for reconsideration shall be served and filed within 14 days after entry of the order or judgment on the original motion by the Judge."  The Third Circuit has made clear that motions for reconsideration should only be granted in three situations: (1) when an intervening change in

controlling law has occurred; (2) when new evidence becomes available; or (3) when

reconsideration is necessary to correct a clear error of law, or to prevent manifest injustice.  *N.*

*River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d. Cir. 1995).

   The Court will grant a motion for reconsideration only where its prior decision has

overlooked a factual or legal issue that may alter the disposition of the matter.  *United States v.*

*Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  A motion that raises only

disagreement with the Court's initial decision is not an appropriate reconsideration motion, but

should be dealt with in the appellate process.  *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F.

Supp. 2d 610, 612 (D.N.J. 2001).  In other words, "[a] motion for reconsideration should not

provide the parties with an opportunity for a second bite at the apple."  *Tischio v. Bontex, Inc.*, 16

F. Supp. 511, 533 (D.N.J. 1998) (citation omitted).

   In the instant case, LG has not offered changes in controlling law or new evidence that

would alter the Court's prior ruling.  LG offers only that the Court's decision was premised on

two factual errors, and therefore, reversal of the decision is required to prevent manifest

injustice.  (Pl.'s Br. at 5; Doc. No. 309-1.)  First, LG argues that issues of validity have not been

simplified because there has been no final decision by the PTO.  Second, LG maintains that a

final determination on the reexaminations is as many as four years away, contrary to the Court's

conclusion that the reexaminations are proceeding more quickly than expected.  The Court will

address the assertions of factual error in turn.

   First, in its decision to grant a six month stay, the Court concluded that the *inter partes*

reexamination procedures were achieving the objective of simplifying issues of validity.  LG

points out that a *final* determination of the patentability of the patents-in-suit will come only after

LG exhausts its appeals to the Board of Patent Appeals and Interferences and the Court of

Appeals for the Federal Circuit.  The Court understands this point now and understood this point when it decided to stay the case in October.  But it does not disparage the fact that the reexamination procedures have resulted in a situation in which there is a likelihood that claims asserted in the district court will not survive.  That a final determination of invalidity has not been made does not alter this Court's disposition of the matter.  It would be inefficient to continue proceedings when a stay will likely simplify the issues and the trial of the case.  *See Xerox Corp. v. 3Com Corp.*, 69 F.Supp.2d 404, 406 (W.D.N.Y. 1999).

Second, in its motion for reconsideration, LG insists that the Court was under a false impression that the reexaminations were moving quickly and that a final determination is imminent.  LG would have the Court ignore what has actually taken place and substitute statistical evidence of the average pendency of *inter partes* reexamination.  This argument is questionable at best.  In its February 2011 opinion denying a stay of the case, the Court relied on a prediction that reexamination could take longer than five years.  Specifically, in its January opposition brief, LG noted that the average pendency of *inter partes* reexamination was over 36 months, not including appeal.

In its opposition to the second motion to stay, and in its current brief to the Court, LG offers the same argument, namely that the entire reexamination process, including all appeals, is statistically likely to take as long as four years.  Statistical evidence is clearly unconvincing in the face of an actual timeline.  It became apparent that reexamination had proceeded much faster than expected, a fact the Court noted during the October 4, 2011 hearing.  In particular, three of the four reexaminations have rendered actions closing prosecution and have issued right of appeal notices in under 12 months, far short of LG's 36 month prediction.  Additionally, the

4

Court notes that there is a status conference scheduled for January 23, 2012, at which time the status of the reexaminations is to be evaluated.

## III.     CONCLUSION

For the foregoing reasons, LG has failed to meet its high burden in demonstrating clear factual error.  Therefore, LG's motion for reconsideration is denied.  An appropriate form of order accompanies this opinion.

Dated:  November 17, 2011

                                        /s/   Garrett E. Brown

                                        GARRETT E. BROWN, JR., U.S.D.J.